IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| XOCKETS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-1021-RP |
| | § | |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., | § § § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendants Amazon.com, Inc. and Amazon Web Services, Inc.'s ("Defendants") Opposed Motion to Treat Cases as Related and Reassign the Later-Filed Cases to Judge Schydlower. (Mot. Treat Related and Reassign, Dkt. 18). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion should be denied.

## I. BACKGROUND

Plaintiff Xockets, Inc. ("Plaintiff") filed its complaint on June 30, 2025 in the Austin Division of the Western District of Texas. (Compl., Dkt. 1). Plaintiff alleges that Defendants' new cloud fabric and switching plane architecture technologies infringe U.S. Patent Nos. 10,223,297 (DPU Cloud Network Fabric), 9,378,161 (DPU Cloud Network Fabric), 10,212,092 (DPU In-Network Computing), and 9,436,640 (DPU In-Network Computing). (*Id.* at 1). Plaintiff filed an additional patent infringement case against these Defendants in front of this Court on June 30, 2025. *Xockets v. Amazon.com, Inc. et al.*, 1:25-cv-01019-RP ("*Xockets* I"), (Compl., Dkt. 1). Plaintiff indicated in the Civil Cover Sheet attached to its complaint in the instant case that *Xockets* I was a related case. (Civil Cover Sheet, Dkt. 1-5). In *Xockets* I, Plaintiff alleges that Defendants infringe three additional patents. (*Xockets* I, Compl., Dkt. 1, at 1).

Plaintiff also filed a patent infringement case against Defendants NVIDIA Corporation ("NVIDIA") and Microsoft Corporation ("Microsoft") in the El Paso Division of the Western District of Texas on September 5, 2024. *Xockets, Inc. v. NVIDIA Corporation, et al.*, 6:24-cv-453-LS ("*NVIDIA Corp.*"). In that case, which is pending before United States District Judge Leon Schydlower, Plaintiff claims that NVIDIA and Microsoft infringe on seven of Plaintiff's patents, including the four patents at issue in the instant case and the three patents at issue in *Xockets* I. (Mot. Treat Related and Reassign, Dkt. 18, at 1). On July 28, 2025, Defendants filed a notice claiming that *Xockets* I, the instant case, and *NVIDIA Corp.* are related (Defendants' Notice, Dkt. 17).

On September 9, 2025, Defendants filed in this case an Opposed Motion to Treat Cases as Related and Reassign the Later-Filed Cases to Judge Schydlower. (Mot. Treat Related and Reassign, Dkt. 18). Defendants ask the Court to treat all three cases filed by Plaintiff as related and reassign this case and *Xockets* I to Judge Schydlower in the El Paso Division. (*Id.* at 6). Plaintiff filed its response to this motion on September 23, 2025, (Dkt. 29), and Defendants filed a reply on September 30, 2025, (Dkt. 31).

## II. DISCUSSION

Defendants argue that Plaintiff was "obligated" under Local Rule CV-3(a), the District's Civil Cover Sheet (JS 44), and the District's May 28, 2003 Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions ("2003 Plan") to notify the Court that this case and *Xockets* I are related to *NVIDIA Corp.* (Mot. Treat Related and Reassign, Dkt. 18, at 1). Local Rule CV-3(a) states that "[a]ll parties are required to advise the court of any related cases, through means of the Civil Cover Sheet or otherwise." *See* W.D. Tex. Local Rule CV-3(a). The Local Rules do not further define "related." The District's Civil Cover Sheet (AO Form JS 44) provides a line on which a plaintiff is required to list "related pending cases, if any." When filing its complaint, Plaintiff listed *Xockets* I as related to the instant case on the Civil Cover Sheet. (Civil Cover Sheet, Dkt. 1-5).

2

Plaintiff did not list *NVIDIA Corp.* as related on the Civil Cover Sheets in the instant case, (*id.*), or in *Xockets* I, (*Xockets* I, Civil Cover Sheet, Dkt. 1-4).

The District's 2003 Plan, which governs the assignment of cases within multi-judge divisions in the District, states that "where counsel discovers that the case should have been assigned at filing to another judge pursuant to this Plan [(because it was related to another case)]," "counsel shall forthwith inform the Clerk in writing" and "the Clerk shall communicate the fact in writing to the judges involved, who will then resolve the matter among themselves." (2003 Plan, § V.C). Plaintiff correctly states that the 2003 Plan "provides for the distribution of civil and criminal cases among the judges of this Court *in multi-judge divisions*," rather than the distribution of cases between judges in *different* divisions. (*Id.* § I (emphasis added); Resp., Dkt. 29, at 6). In its Response, Plaintiff also cites to the District's May 30, 2024 Order Assigning the Business of the Court as it Relates to Patent Cases ("2024 Order"), which mandates that "[p]arties seeking to consolidate patent cases contending all cases are related shall file a motion with sufficient legal and factual justification in the court and with the judge presiding over the case sought to be removed." (2024 Order, at 1).

The parties present contrasting arguments as to which District standing orders control at this juncture, but, ultimately, Defendants seek to have this case and *Xockets* I transferred intra-district to Judge Schydlower in the El Paso Division. Defendants do not appear to suggest in their motion that the three cases at issue should be consolidated. Plaintiff argues, therefore, that the Court should deny Defendants' motion because it was not properly filed as a motion to transfer venue under 28 U.S.C. § 1404 or a motion to consolidate patent cases under the 2024 Order. (Resp., Dkt. 29, at 1). Plaintiff also argues that, even if Defendants had filed a motion to transfer venue, "no factor supports transferring the case" from the Austin Division to the El Paso Division. (*Id.*).

The Court finds that Defendants' motion is not one recognized by the Federal Rules of Civil Procedure, the Local Rules of the District, or the Standing Orders of the District.[1] Therefore, the Court will deny Defendants' motion. The Court will consider a motion brought properly before it with full briefing from the parties.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendants' Opposed Motion to Treat Cases as Related and Reassign the Later-Filed Cases to Judge Schydlower, (Dkt. 18), is **DENIED**.

**SIGNED** on October 17, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Defendants point to a Deficiency Notice filed by the Docketing Clerk in response to their Notice of Related Case, (Dkt. 17), and assert that the Court "ordered [them] to file this very motion." (Reply, Dkt. 31, at 2). The Court notes that a Deficiency Notice is an administrative filing and not an order of the Court.