UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| XOCKETS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., and AMAZON WEB SERVICES, INC. <br><br> Defendants. | Civil Action No. 1:25-cv-01021-RP |

**JOINT MOTION TO ENTER SCHEDULING ORDER**

7201079

Pursuant to Local Rule CV-16, Plaintiff Xockets, Inc. ("Xockets") and Defendants Amazon.com, Inc. and Amazon Web Services, Inc. ("Amazon") submit this Joint Motion to Enter Scheduling Order, which includes the parties' competing proposed case schedules, attached as Exhibits A (Xockets' proposal) and B (Defendants' proposal), along with the parties' respective statements in support. The Parties have exchanged and negotiated proposed scheduling orders but have disagreements regarding appropriate timing and phasing of the case, which have led to irreconcilable differences in the parties' proposed schedules. The parties also submit this Joint Motion in Case No. 1:25-cv-01019-RP.

## I.     Xockets' Position

Xockets' proposed schedule is based on this District's framework for efficiently managing patent cases according to Judge Albright's Standing Order Governing Proceedings in Patent Cases (the "OGP"). It provides for prompt disclosure of preliminary infringement contentions, includes claim construction briefing and a *Markman* hearing to resolve disputed constructions promptly, and offers a reasonable pretrial timeline with a concrete trial date following the *Markman* hearing.

Amazon's proposal, by contrast, has one goal: delay. It would stay discovery while postponing the prompt *Markman* hearing that often accompanies such a stay under the OGP (Amazon's proposal delays the *Markman* by nearly seven months), yet Amazon simultaneously rejects entry of the OGP and contends that discovery should proceed in 2027 in this 2025 case. (Under Amazon's plan, the *Markman* hearing would not occur until November 23, 2026. Fact discovery would not begin until 30 days after the claim construction ruling. With the hearing in late November 2026, discovery likely would not commence until 2027 in this 2025 case.)  Amazon cannot have it both ways. The Court should adopt Xockets' schedule.

Xockets' proposed pre-*Markman* deadlines align with the OGP, promoting prompt disclosure of infringement and invalidity theories. *Accordingly, whether the Court enters Xockets' schedule or not, Xockets will serve preliminary infringement contentions and make an accompanying document production within one week of this Joint Motion on November 17*. Under Xockets' proposal, Amazon's preliminary invalidity contentions would be due approximately seven weeks later consistent with the OGP timeline. Xockets' schedule sets the *Markman* hearing for April 27, 2026, at roughly 23 weeks from the parties' 26(f) conference, also consistent with the OGP's timeline for prompt claim construction. (Amazon's proposal would delay the *Markman* hearing by nearly seven months.) Xockets' proposal includes a concrete trial date (coordinated with the related case, No. 1:25-cv-01019 ("*Architecture*"), which staggers post-*Markman* deadlines from this case and would set a November 2026 trial date). Amazon's does not.

Xockets' schedule opens fact discovery at the Rule 26(f) conference rather than staying it until after the *Markman* ruling for three key reasons (and, because it does not stay discovery before *Markman*, it also does not extend the discovery and pretrial schedule after *Markman*). First, Amazon has had ample time to evaluate the allegations. This case has been pending since June 2025, and the Complaint includes detailed infringement allegations that far exceed the notice standard. Amazon had nearly four months to prepare responsive pleadings, and yet it still delayed and cancelled every attempt Xockets made to schedule a Rule 26(f) conference. Xockets also will serve its preliminary infringement contentions on November 17, providing prompt disclosure—again—to Amazon of its infringement theories. Second, the patents and technology at issue in this case are not new to Amazon. Amazon is already familiar with these patents and Xockets' allegations of infringement, as Amazon performed diligence on the patents in suit and related patents as recently as 2024 in connection with a formal licensing process that Xockets conducted,

as set forth in detail in the Complaint. *See* Dkt. 1 ¶¶ 124–140. Amazon also reviewed and analyzed Xockets' intellectual property in connection with a 2017 "Deep Dive" meeting, including by conducting interviews and meetings with Xockets personnel regarding a potential partnership. *Id.* ¶¶ 82–92. Third, because NVIDIA manufactures one of the components of an accused product, this case will involve substantial nonparty discovery. The nonparty discovery, which often requires more time than party discovery, supports opening discovery earlier rather than later. Given the elapsed time and attempts to delay, the detailed early allegations, the impending contentions, Amazon's knowledge of the patents and technology, and the necessary nonparty discovery, delaying fact discovery further is unwarranted.

Amazon's proposal, on the other hand, selectively adopts the discovery stay from the OGP (all while Amazon rejects entering the OGP or any variation). On top of all this, it has no firm trial date. This schedule is inefficient and is designed solely to delay discovery and resolution.

Amazon's arguments to delay the schedule rest on the flawed premise that Xockets' prompt forthcoming infringement contentions might lack enough detail to meaningfully guide claim construction. The sole evidence Amazon points to, however, shows otherwise. Amazon cites Xockets' Response in Opposition to Amazon's Motion to Dismiss (-1019 "Architecture" Case, Dkt. 33 at 1, 5, 6, 7; -1021 "Fabric" Case, Dkt. 30 at 1, 5), as a purported admission that Xockets cannot yet articulate detailed infringement theories. On the contrary, Xockets' Opposition lays out in extraordinary detail how the accused products satisfy the claim language. Further, to the extent Amazon's motion would require Xockets to allege exactly *in what specific subset of electronic components* certain functionality that is said to be present is *located* (which would require proprietary information from Amazon that Amazon has not yet provided), that is not the correct standard and Amazon does not demonstrate why that information would materially guide

construction of a disputed claim here. The fact that Xockets' proposal would allow updates to Xockets' infringement contentions during discovery makes Amazon's proposal a solution in search of a problem. Nothing about Xockets' proposal suggests that it will take a "'shifting sands' approach to claim construction," as Amazon asserts. *Seven Networks v. Google*, 2018 WL 3327927, at *2 (E.D. Tex. Jul. 6, 2018). Under Xockets' proposal, discovery would begin immediately. If Amazon's proprietary information obtained in discovery were to provide information material to guiding claim construction, Xockets' proposal allows it to update its infringement contentions to account for that information before claim construction. Amazon's proposal would limit the scope of discovery, limit the ability to update infringement contentions, and delay claim construction, rather than allowing full discovery and amendment to account for information produced in discovery. In short, there is no justification to impose the delay Amazon seeks here. It should be rejected, and the Court should enter Xockets' proposed schedule, attached as Exhibit A.

## II.   Defendants' Position

Defendants request that the Court enter their proposed scheduling order attached as Exhibit B. Each of the principal differences between the parties' scheduling orders is addressed below:

### A.   The Nature and Timing of the Parties' Patent Contentions

| **Defendants' Proposal** | **Xockets' Proposal** |
|---|---|
| Xockets serves two rounds of Infringement Contentions, with a period of limited technical discovery in-between.  After second round of infringement contentions, leave to amend granted only upon a showing of good cause:<br><br>• Dec. 18, 2025 – Plaintiff serves first Infringement Contentions<br>• Dec. 19, 2025 – Limited technical discovery period begins | The parties serve "preliminary" contentions that can be amended without leave at any time until June 1, 2026:<br><br><br><br>• Nov. 17, 2025 - Xockets serves "preliminary" Infringement Contentions<br>• Jan. 6, 2026 – Defendants serve "preliminary" Invalidity Contentions |

7201079

| | |
|---|---|
| • Mar. 30, 2026 – Limited technical discovery period ends<br>• Apr. 30, 2026 – Plaintiff serves Final Infringement Contentions<br>• Jul. 28, 2026 – Defendants serve Final Invalidity Contentions | • June 1, 2026 – Parties serve Final Infringement and Invalidity Contentions |

In opposing Defendants' Motions to Dismiss, Xockets stated that it needs "proprietary" information that is "solely in [Defendants'] possession" in order for it to specifically identify how the Accused Instrumentalities purportedly satisfy various requirements of the asserted claims. -1019 Case, Dkt. 33 at 1, 5, 6, 7; -1021 Case, Dkt. 30 at 1, 5.  It is thus clear that any infringement contentions served by Xockets at this stage will leave key infringement-related issues and theories unresolved.  In Defendants' experience, permitting patent cases to proceed based on conclusory or vague infringement contentions needlessly wastes the Court's and parties' resources.

To mitigate this problem, Defendants propose that Xockets provide two rounds of Infringement Contentions.  *See* Ex. B ¶¶ 6-7.  First, Xockets would serve initial infringement contentions disclosing, in good faith, as much detail as currently possible. *Id.* ¶ 6. Defendants would then produce targeted technical discovery sufficient to show the operation of the accused aspects of the Accused Instrumentalities during a two-month limited technical discovery period. *Id.* After receiving this discovery, Xockets would serve Final Infringement Contentions. *Id.* ¶ 7. Any further amendments would require leave of court and a showing of good cause, except as a good-faith response to the Court's claim construction ruling.[1]

This approach ensures that Xockets provides meaningful contentions early, enabling both parties to develop focused invalidity and claim construction positions.   The purpose of

---

[1] Seeking leave and a requiring good cause before amending is consistent with other districts who have adopted patent local rules.  *See, e.g.,* E.D. Tex. Patent Local Rule P.R. 3-6.

infringement contentions is to narrow and crystallize the issues, conserve resources, guide discovery, and enable effective claim construction. *O2 Micro Intern. v. Monolithic Power Sys.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006); *Seven Networks v. Google*, 2018 WL 3327927, at *2 ( E.D. Tex. Jul. 6, 2018) (infringement contentions exist to "require parties to crystallize their theories of the case early" and prevent a "'shifting sands' approach to claim construction"). Defendants' proposal provides the structure needed for both sides to adequately define their infringement and invalidity theories.

Plaintiff's proposal of "preliminary" contentions that can be freely amended as long as Plaintiffs' counsel certifies that (1) it undertook "reasonable efforts" and (2) the amendments are "based on material that counsel identified later," Ex. A at 1 n.1, is problematic for several reasons. *First*, allowing serial amendments without a showing good cause (or diligence) permits obfuscation and a "shifting sands" approach. *Second*, because Plaintiff admits that it cannot currently articulate detailed infringement allegations, Defendants would be forced to serve Invalidity Contentions before Plaintiff clearly identifies what is accused, and how Plaintiff is applying the claim language. *Third*, the parties would be forced to select claim terms for construction—and propose constructions—without knowing which aspects of the Accused Instrumentalities purportedly correspond to each claim element.[2] Xockets' argument that its proposal "*allows* it to update its infringement contentions" in response to discovery does not cure these problems, as it does not expressly *require* Xockets to amend until long after claim

---

[2] Xockets' proposed deadline that "Final Infringement Contentions" and "Final Invalidity Contentions" be served on the same day (June 1, 2026) creates the additional problem of potentially requiring Defendants to serve Final Invalidity Contentions without first seeing Plaintiffs' Final Infringement Contentions and having an opportunity to evaluate new theories of infringement that could affect invalidity grounds.

-6-

7201079

construction. And Defendants' proposal would provide the technical discovery Xockets says it needs to prepare detailed contentions well before claim construction.

B.  The Timing of Claim Construction Proceedings

| **Defendants' Proposal** | **Xockets' Proposal** |
|---|---|
| Claim Construction Hearing on or around <u>Nov. 23, 2026</u>.<br><br>Claim construction proceedings would occur as follows:<br><br>• Aug. 11, 2026 – Parties identify terms for construction<br>• Aug. 25, 2026 – Parties exchange proposed constructions and extrinsic evidence.<br>• Sep. 3, 2026 – Parties serve claim construction expert reports<br>• Sep. 24, 2026 – Defendants file Opening claim construction brief<br>• Oct. 15, 2026 – Plaintiff files Responsive claim construction brief<br>• Oct. 29, 2026 – Reply claim construction brief<br>• Nov. 12, 2026 – Sur-Reply claim construction brief | Claim Construction Hearing on or around <u>April 27, 2026</u>.<br><br>Claim construction proceedings would occur as follows:<br><br>• Jan. 12, 2026 – Parties identify terms for construction<br>• Jan. 23, 2026 – Parties exchange proposed constructions<br>• Jan. 28, 2026 – Parties disclose extrinsic evidence.<br>• Feb. 23, 2026 – Defendants file Opening claim construction brief<br>• Mar. 16, 2026 – Plaintiff files Responsive claim construction brief<br>• Mar. 30, 2026 – Reply claim construction brief<br>• Apr. 13, 2026 – Sur-Reply claim construction brief |

Claim construction should occur *after* the parties' infringement and invalidity theories have been crystallized, not before. Xockets' proposed schedule would force the parties to identify claim terms for construction *five months* before Final Infringement and Final Invalidity Contentions are due, and would hold the Claim Construction Hearing would more than two months before those Final Contentions. This is especially problematic because Xockets has acknowledged that it cannot currently explain how the Accused Instrumentalities meet the asserted claims and needs technical discovery before it can do so. *See* -1019 Case, Dkt. 33 at 1, 5, 6, 7; -1021 Case, Dkt. 30

at 1, 5. Requiring the parties to do claim construction without a clear understanding of the other sides' theories would be prejudicial and would result in constructions that are less useful to the jury.

C. Whether Fact Discovery Should Occur After Claim Construction

| Defendants' Proposal | Xockets' Proposal |
|---|---|
| Fact discovery opens Dec. 31, 2026 or 30 days after the Court's claim construction ruling, whichever is later. | Fact discovery opens on date of Rule 26(f) conference or Nov. 11, 2025, whichever is earlier. |

Formal fact discovery between the parties should be phased to occur after the Court has resolved claim construction, as is consistent with the common practice in this District. All the judges in this District who have adopted a Standing Order specific to patent cases have adopted rules in which fact discovery is phased to occur after claim construction.[3] And Judge Pitman has repeatedly ordered that fact discovery be phased in this way. *See, e.g.*, *One-E-Way v. Dell Tech.*, No. 1:24-cv-01558-RP, Dkt. 42 ¶¶ 8-9 (May 22, 2025) (fact discovery open roughly a month after *Markman* hearing); *Staccato 2011 v. OA Defense*, No. 1:25-cv-00087-RP, Dkt. 24 ¶ 8 (July 23, 2025) (fact discovery open 30 days after *Markman* order); *Tir Tech. v. Amazon.com*, No. 1:25-cv-

---

[3] *See* Hon. Alan D. Albright, "Standing Order Governing Proceedings (OGP)—Patent Cases," dated Mar. 5, 2025 § III ("Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed until after the *Markman* hearing."), *available at* https://www.txwd.uscourts.gov/wp-content/uploads/2025/03/ADA-Standing-Order-Governing-Proceedings-Patent-Cases-ATX_3.5.25.pdf; *see also* Hon. Kathleen Cardone "Standing Order on Patent Cases," dated Sep. 14, 2022, § IV (same), *available at* https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Order-on-Patent-Cases-091422.pdf; Hon. David Counts "Standing Order Governing Patent Proceedings," dated Aug. 2, 2022, § II (same), *available at* https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Order-Governing-Patent-Proceedings-080222.pdf; Hon. David Briones, "Order to Adopt Standing Order on Patent Cases," dated Oct. 17, 2022 (adopting Judge Cardone's Standing Order), *available at* https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Order-to-Adopt-Standing-Order-on-Patent-Cases-101722.pdf.

-8-

00865-RP, Dkt. 40 ¶ 9 (Sep. 22, 2025) (fact discovery open one business day after *Markman* hearing). Although Xockets claims its proposed schedule and OGP are "based on" those of Judge Albright—who is not the judge here—Xockets' proposal would in fact *accelerate* multiple pre- and post-claim construction deadlines, while permitting broad, unstructured discovery before core issues are resolved.

Phasing fact discovery to occur after *Markman* would ensure that fact discovery in this case is targeted, relevant, and consistent with the Court's constructions. This conserves the parties'—and the Court's—resources. Defendants' proposed schedule best balances the parties' discovery needs, providing Plaintiff with the limited discovery it needs to serve meaningful infringement contentions, while deferring other discovery until after claim construction when the issues have been focused.

D.   Trial Date

| Defendants' Proposal | Xockets' Proposal |
|---|---|
| To be set by the Court, per Judge Pitman's Model Scheduling Order (likely late 2027) | November 9, 2026 |

Given the size and complexity of this case, trial in late 2027 would be difficult, but feasible. Xockets is asserting seven different patents across two separate lawsuits. The subject matter of these patents is complex, relating to proprietary computing and networking architectures involving numerous hardware and software components. The operation of the Accused Instrumentalities is likewise complex, and Xockets has already broadcast that its first set of infringement contentions will be incomplete and will serve only as a starting point. Defendants anticipate that issues of infringement, invalidity, and claim construction will require significant discovery and expert

analysis, including prior art searches and detailed comparisons to the prior art and Accused Instrumentalities.

Defendants' proposal would set trial approximately 28-29 months after Xockets filed this lawsuit, which is consistent with the normal timeline for Judge Pitman's patent cases. *See, e.g.*, *Staccato 2011*, Dkt. 24 ¶ 16 (setting trial 32 months after January 2025 complaint); *One E-Way*, Dkt. 42 ¶ 19 (setting trial 27.6 months after December 2024 complaint); *Tir Tech.*, Dkt. 40 ¶ 19 (setting trial 28.5 months after June 2025 complaint).

Xockets faults Defendants for not proposing "a concrete trial date," but Defendants did not do so because Judge Pitman's Proposed Scheduling Order—which Local Rule CV-16(a) requires the parties to use [4]—expressly instructs that the parties *not* propose this date. *See* https://www.txwd.uscourts.gov/wp-content/uploads/2025/02/Proposed-scheduling-order-revised-4.15.25-removing-single-judge-adding-hearings.docx ¶¶ 9-10 ("**The parties shall not complete the following paragraph. It will be completed by the Court . . .**"). In any event, under Defendants' proposed schedule, trial would likely occur in late 2027.

Xockets' proposal to hold trial less than one year from now would be prejudicial to proper consideration and disposition of the case. It would also be roughly six months faster than possible under Judge Albright's OGP schedule. Further, Defendants dispute Xockets' argumentative characterization of the facts, including Xockets' arguments that Defendants are already familiar with the Asserted Patents or Xockets' infringement theories based on purported diligence in 2024 or interactions with Xockets in 2017—when most of the Asserted Patents had not issued. None of these arguments by Xockets suggest that this case should be treated preferentially or differently

---

[4] Defendants' proposed schedule (Ex. B) "conform[s] to the form prescribed by [Judge Pitman]," as Rule CV-16(a) requires. By contrast, Xockets' proposed schedule (Ex. A) is a significantly modified version of Judge Albright's schedule.

than others for discovery purposes, or that Xockets' allegations should receive a trial before earlier-filed cases.

Dated: November 11, 2025                    SUSMAN GODFREY LLP


                                            By:  /s/ Joseph S. Grinstein
                                                 Joseph S. Grinstein
                                                 Texas State Bar No. 24002188
                                                 Hunter A. Vance
                                                 Texas State Bar No. 24132804
                                                 Kevin R. Downs
                                                 Texas State Bar No. 24119573
                                                 1000 Louisiana Street, Suite 5100
                                                 Houston, TX 77002
                                                 (713) 651-9366
                                                 jgrinstein@susmangodfrey.com
                                                 hvance@susmangodfrey.com
                                                 ahernandez@susmangodfrey.com
                                                 kdowns@susmangodfrey.com

                                                 Kalpana Srinivasan
                                                 California State Bar No. 237460
                                                 1900 Avenue of the Stars, Suite 1400
                                                 (310) 789-3100
                                                 ksrinivasan@susmangodfrey.com

                                                 Tamar Lusztig
                                                 New York State Bar No. 5125174
                                                 One Manhattan West
                                                 New York, NY 10001
                                                 (212) 336-8330
                                                 tlusztig@susmangodfrey.com

                                                 *Attorneys for Plaintiff Xockets, Inc.*

| | |
|---|---|
| Dated: November 11, 2025 | HUESTON HENNIGAN LLP |

                                                 By:  */s/ Christina V. Rayburn*
Moez M. Kaba, CA SBN 257456
mkaba@hueston.com
Christina V. Rayburn, CA SBN 255467
crayburn@hueston.com
523 W. 6th St., Unit 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

Neil G. Anderson, CA SBN 307668
nanderson@hueston.com
Thomas B. King, TX SBN 24122209
tking@hueston.com
620 Newport Beach, CA 92660
Telephone: (949) 284-6313
Facsimile: (888) 866-4825

Deron R. Dacus, SBN 00790553
The Dacus Firm PC
Ddacus@dacusfirm.com
821 ESE Loop 323
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

*Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 11, 2025, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                                                                    */s/ Joseph S. Grinstein*
                                                                                    Joseph S. Grinstein