IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| XOCKETS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 1:25-CV-1019-RP |
| AMAZON.COM, INC. and AMAZON | § | No. 1:25-CV-1021-RP |
| WEB SERVICES, INC., | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the court are Amazon's Motions to Stay the Case Pending Resolution of Its Motion to Transfer Venue (1019 Dkt. 58; 1021 Dkt. 56); Xockets' Motion for Leave to Conduct Limited Venue Discovery (1019 Dkt. 59; 1021 Dkt. 57); Xockets' Motion to Compel Amazon's Production of Technical Documents and Source Code (1019 Dkt. 67; 1021 Dkt. 68); and the parties' Joint Notice regarding these motions (1019 Dkt. 76; 1021 Dkt. 74).[1] The court heard arguments on the motions on April 23, 2026. Having considered the motions, briefing, oral arguments, relevant law, and for the reasons stated at the hearing, the court rules as follows.

### I. BACKGROUND

In these two cases, Xockets asserts Amazon infringes seven of its patents. 1019 Compl. ¶¶ 1; 1021 Compl. ¶¶ 1. Xockets alleges Amazon infringes through its use of NVIDIA's NVLink switch system and separately through Amazon's Nitro system. *See* 1019 Compl. ¶¶ 1, 12, 52; 1021 Compl. ¶¶ 1, 14, 55. Xockets has also filed suit against NVIDIA in *Xockets, Inc. v. NVIDIA Corp., Microsoft Corp, & RPX Corp.*, 6:24-CV-453-LS. In all three cases, Defendants have moved to

---

[1] United States District Judge Robert Pitman referred these motions for disposition to the undersigned to 28 U.S.C. § 636, Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Orders of March 20, 2026, March 30, 2026, March 31, 2026.

transfer to the Northern District of California. On September 19, 2025, the *NVIDIA* case was stayed pending resolution of that motion to transfer. Dkt. 216 in 6:24-CV-453-LS.

Amazon has moved to dismiss these cases under Rule 12(b)(6). 1019 Dkt. 27; 1021 Dkt. 24. Those motions are fully ripe but have not yet been reached by the court. As stated, Amazon has also moved to transfer these cases to the Northern District of California. 1019 Dkt. 54; 1021 Dkt. 52. Briefing on the venue motions has been stayed pending entry of a venue discovery order. 1019 Dkt. 57; 1021 Dkt. 55.

Amazon now moves to stay these cases pending resolution of its venue motions; Xockets seeks discovery related to venue; and Xockets seeks technical documents and source code related to its infringement theories.

## II.   APPLICABLE LAW

A district court has the inherent power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Grae v. Alamo City Motorplex LLC*, No. SA-18-CV-00664-DAE, 2018 WL 6588578, at *2 (W.D. Tex. Oct. 9, 2018) ("District courts enjoy broad discretion in all discovery matters and may stay discovery for good cause shown."); *Hernandez v. Baylor Univ.*, No. 6-16-CV-069 RP, 2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016).

To determine if a stay is proper, the court considers three factors: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018); *B & D Produce Sales, LLC v. Packman1, Inc.*, No. SA-16-CV-99-XR, 2016 WL 4435275, at *1 (W.D. Tex. Aug.

19, 2016). In exercising its discretion, a court should be "guided by the policies of justice and efficiency." *B & D Produce Sales*, 2016 WL 4435275, at *1.

### III.    ANALYSIS

As noted above, Xockets asserts Amazon infringes seven of its patents by using NVIDIA's NVLink switch system and by using Amazon's Nitro system. *See* 1019 Compl. ¶¶ 1, 12, 52; 1021 Compl. ¶¶ 1, 14, 55. Amazon's motions to transfer to the Northern District of California are based in part on the location of third-party NVIDIA witnesses and evidence. NVIDIA has moved to transfer the suit against it, which includes all seven patents asserted against Amazon, because NVIDIA-related evidence is located in the Northern District of California, where the accused NVLink and NVS Switch technologies were developed. 6:24-CV-453-LS Dkt. 172. NVIDIA's motion to transfer is fully briefed and ready for a ruling. In contrast, Amazon's motions are not yet fully briefed.

It makes little sense to allow the parties to go forward with venue discovery and briefing now in light of the pending motion in the *NVIDIA* case. A decision on venue in the *NVIDIA* case will certainly shape the parties' arguments here and the discovery needed to make those arguments. Moreover, Judge Schydlower's analysis will certainly shape the undersigned's venue analysis. Here, the parties will be arguing, in part, about what they believe the convenience of NVIDIA's third-party witnesses and evidence to be. In the *NVIDIA* case, NVIDIA has argued first-hand about its convenience, and Judge Schydlower will determine that issue. The undersigned recognizes that not all of the factual transfer considerations will be the same between the three cases, but they will overlap a great deal. At the hearing, Xockets and Amazon disputed the import Judge Schydlower's decision would have on these cases, but both conceded it would have *some* impact. Accordingly, judicial efficiency strongly favors a stay of venue discovery and briefing and the entire case.

As Amazon points out, if these cases are transferred to California, they will likely be subject to different rules and procedures. Moreover, if these cases go forward now, they will be on incongruous schedules with the *NVIDIA* case, leading to the possibility of inconsistent claim constructions and other issues.

Xockets argues it will be prejudiced by a stay because it has a right to timely enforcement of its patents. Xockets' arguments ring hollow, however, as it sued NVIDIA in September 2024 and waited until June 30, 2025, to bring these suits against Amazon.

If the cases are not stayed, Amazon (and Xockets) will face hardship. The court strongly suspects that both sides will want to redo or supplement their venue briefing in light of the *NVIDIA* venue decision. They may even want additional discovery to bolster their arguments. As noted above, the very real possibility of inconsistent claim constructions and other factual findings will hinder both sides as they try to present their positions.

Accordingly, and for the reasons stated at the hearing, the court will stay this case in its entirety.

## IV.    CONCLUSION

For the reasons stated above and at the hearing, Amazon's Motions to Stay the Case Pending Resolution of Its Motion to Transfer Venue (1019 Dkt. 58; 1021 Dkt. 56) are **GRANTED** in part. The case is **STAYED** in its entirety pending a venue decision in the *NVIDIA* case. Within 5 days of the *NVIDIA* venue decision, the parties are **ORDERED** to file a notice with the court informing it of that decision. Within 20 days of the *NVIDIA* venue decision, Amazon is **ORDERED** to either withdraw its pending venue motions or file amended motions.

As such, Xockets' Motion for Leave to Conduct Limited Venue Discovery (1019 Dkt. 59; 1021 Dkt. 57) and Xockets' Motion to Compel Amazon's Production of Technical Documents and Source Code (1019 Dkt. 67; 1021 Dkt. 68) are **DENIED WITHOUT PREJUDICE**.

SIGNED April 23, 2026.        _____

MARK LANE
UNITED STATES MAGISTRATE JUDGE